# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| **BOBBY L. CANTRELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 4:18-cv-271-HLM** |
| | ) | |
| **DACA SPECIALTY SERVICES,** | ) | |
| **an ASRC INDUSTRIAL** | ) | |
| **SERVICES COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## [PROPOSED] CONSOLIDATED PRETRIAL ORDER

The parties submit the following proposed Consolidated Pretrial Order.

### 1.

**There are no motions or other matters pending for consideration by the court except as noted:**

None.  The parties have agreed that all motions *in limine* will be filed no later than thirty (30) days prior to trial.

### 2.

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

The parties have completed discovery. Plaintiff intends to take the deposition of Mr. Sawyer to preserve evidence or for use at trial.

## 3.

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

The parties agree that all parties' names and capacities are correctly identified in the caption, and there is no question by any party as to the misjoinder or non-joinder of any parties.

## 4.

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.  (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

Neither party disputes the jurisdiction of the Court.  The only claim brought by Plaintiff is a claim for violation of the federal Age Discrimination in Employment Act ("ADEA").  The Court has jurisdiction over that claim pursuant to 28 U.S.C. § 1331.

## 5.

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:  James Satcher, Jr., (706) 291-4019, attorneysatcher@gmail.com

2

Defendant:  Peter Farley, McGuireWoods LLP, (404) 443-5623,

pfarley@mcguirewoods.com

## 6.

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

The parties do not object to the order of opening and closing arguments set

forth in LR39.3(B)(2)(b), NDGa.

## 7.

**The captioned case shall be tried (X) to a jury or (__) to the court without a jury, or (__) the right to trial by jury is disputed.**

## 8.

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

The parties do not request bifurcation.

## 9.

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

*See* Attachment A.

## 10.

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.**

*See* Attachment B-1.

**Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.**

*See* Attachment B-2.

**Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.**

Not applicable.

**The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

## 11.

**State any objections to plaintiff's voir dire questions:**

Defendant will submit objections to Plaintiff's voir dire questions within ten

(10) days of the filing of this Consolidated Pretrial Order.

**State any objections to defendant's voir dire questions:**

Plaintiff will submit objections to Defendant's voir dire questions within ten

(10) days of the filing of this Consolidated Pretrial Order.

**State any objections to the voir dire questions of the other parties, if any:**

Not applicable.

## 12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).**

Neither party requests any additional strikes beyond those permitted by 28 U.S.C. § 1870.

## 13.

**State whether there is any pending related litigation.  Describe briefly, including style and civil action number.**

No pending related litigation exists.

## 14.

**Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

*See* Attachment C.

**15.**

**Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

*See* Attachment D.

**16.**

**Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.**

*See* Attachment E.

**17.**

**The legal issues to be tried are as follows:**

Plaintiff identifies the following legal issues to be tried:

- Whether the Defendant acted willfully and with malice in firing Plaintiff but for his age?

- Whether Defendant admitted to the discriminatory firing of Plaintiff?

- Whether Plaintiff has proven by a preponderance of the evidence he was selected to be laid off in the Reduction in Force ("RIF") because of his age.

- Whether Plaintiff has proven by a preponderance of the evidence he was terminated because of his age.

- Whether Plaintiff has proven by a preponderance of the evidence that age was the "but for" cause of both his selection to be laid off in the RIF and the "but for" cause of his termination.

- Whether Plaintiff is entitled to back pay damages, and if so, the amount he is entitled to.

- Whether Plaintiff is entitled to front pay damages, and if so, the amount he is entitled to.

- Whether Plaintiff is entitled to liquidated damages, and if so, the amount he is entitled to.

- Whether the Plaintiff has proven by a preponderance of evidence that Defendant either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.

- Whether Plaintiff has failed to mitigate damages.

Defendant identifies the following legal issues to be tried:

- Whether Plaintiff has proven by a preponderance of the evidence he was selected to be laid off in the Reduction in Force ("RIF") because of his age.

- Whether Plaintiff has proven by a preponderance of the evidence he was terminated because of his age.

- Whether Plaintiff has proven by a preponderance of the evidence that age was the "but for" cause of both his selection to be laid off in the RIF and the "but for" cause of his termination.

- Whether Plaintiff is entitled to back pay damages, and if so, the amount he is entitled to.

- Whether the Plaintiff has proven by a preponderance of evidence that Defendant either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.

- Whether Plaintiff has failed to mitigate damages.

## 18.

**Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.**

**All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.**

*See* Attachments F-1 and F-2.

## 19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

*See* Attachments G-1 and G-2. The parties will submit their respective objections to exhibit lists within ten (10) days of the filing of this Consolidated Pretrial Order.

## 20.

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

Plaintiff designates the following portions of testimony which may be introduced by deposition:

| Deposition Transcript | Designated Testimony |
|---|---|
| Allen Holloway | Whole Transcript |
| Bobby Cantrell | Whole Transcript |
| Martin Lund | p. 27 |

Defendant designates the following portions of testimony which may be introduced by deposition:

| Deposition Transcript | Designated Testimony |
|---|---|
| Deposition of Gregory Richard Johnson, August 9, 2019 | pp. 6:3-9, 11:10-23, 12:12-13:22, 16:1-20, 21:22-24 |
| Deposition of Larry Allen Holloway, Sr., August 10, 2019 | pp. 12:3-5, 12:21-13:4, 13:13-14:15, 14:16-15:12, 28:9-11, 54:9-57:21, 58:8-59:12, 60:9-61:13, 61:19-62:20, 64:7-67:13, 70:11-71:20, 73:16-80:2, |

| | 80:9-81:5, 81:8-85:1, 88:4-18, 89:10-90:15, 91:6-10, 92:10-21, 101:5-15, 102:11-23, 104:15-105-9. 109:7-22 |
|---|---|

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

### 21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

The parties jointly request that both parties be permitted to submit trial briefs

no later than seven (7) days before trial.

### 22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

**Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsels are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.**

### 23.

**If counsel desires for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission by Plaintiff shall be shown in Attachment "I-1" and for the Defendant "I-2" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.**

*See* Attachments I-1 and I-2.

### 24.

**Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

The parties do not request any additional time for closing arguments.

### 25.

**If the case is designated for trial to the court without a jury, counsels are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.**

Not applicable.

### 26.

**Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on __N/A__, to discuss in good faith the possibility of settlement of this case.**

12

The parties have not been able to meet in person to discuss settlement due to the travel and other logistical complications created by the COVID-19 crisis. However, on March 31, 2020, the parties participated in a teleconference mediation with Magistrate Judge Larkins of the Atlanta Division. The parties did not reach a settlement agreement.

**The court (_____) has or ( X ) has not discussed settlement of this case with counsel. It appears at this time that there is:**
    **(_____) A good possibility of settlement.**
    **(_____) Some possibility of settlement.**
    **( X ) Little possibility of settlement.**
    **(_____) No possibility of settlement.**

## 27.

**Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.**

The parties do not request a special setting.

## 28.

**The plaintiff estimates that it will require two days to present its evidence. Defendant estimates that it will require two days to present its evidence. There are no other parties who will be presenting evidence. It is estimated that the total trial time is four days.**

13

**29.**

IT IS HEREBY ORDERED that the above constitutes the pretrial order for

the above captioned case (_____) submitted by stipulation of the parties or (_____)

approved by the court after conference with the parties.

## ATTACHMENT A

## QUESTIONS TO JURORS CONCERNING
## LEGAL QUALIFICATIONS TO SERVE

1.    Are you at least eighteen (18) years of age?

2.    Are you a citizen of the United States?

3.    Have you resided in the Northern District of Georgia for at least the past year?

4.    Are you able to speak, understand, and read the English language without assistance?

5.    Do you have any physical or mental infirmities which may affect your ability to serve on this jury?

6.    Have you ever been convicted in a state or federal court of a crime punishable by imprisonment for one (1) year or more?

7.    Do you currently have any charges pending against you in a state or federal court?

8.    Is any juror related by blood or marriage to the Plaintiff, Bobby Cantrell?

9.    Is any juror related by blood or marriage to James Satcher, Jr., attorney for Plaintiff?

10.   Is any juror related by blood or marriage to any employee, partner or shareholder of the law firm of McGuireWoods LLP?

11.   Is any juror a current or former officer, director, or employee of ASRC Industrial Services Corporation, ASRC Industrial Services, or Decorating and Coating Applications, LLC, doing business as DACA Specialty Services?

12.   Does any perspective juror hold or own stock in ASRC Industrial Services Corporation?

13.    Is any juror related by blood or marriage to Peter Farley or Elizabeth Redpath, attorneys for the Defendant?

## ATTACHMENT B-1
## PLAINTIFF'S JURY QUESTIONS

Plaintiff respectfully requests the Court ask the following questions during voir dire:

1.     Have you owned a business or managed a business that has employees?

2.     If so, how many employees have you supervised?

3.     Have you ever managed others who you were ordered to fire?

4.     Do you believe that older persons' employment should not be protected by law due to their age?

5.      Do you believe that people work too long in their lifetime and should be fired when nearing retirement age?

6.      Do you believe that the first employees to be fired in a reduction in force should be the older persons?

7.      Is any juror a member of the Arctic Slope Regional Corporation (ASRC) tribe of Alaskan Natives?

## ATTACHMENT B-2

## DEFENDANT'S JURY QUESTIONS

Defendant respectfully requests the Court ask the following questions during voir dire:

1.      Have you, any member of your family, or close friends ever been employed by DACA Specialty Services?

2.      Have you or has anyone related or close to you ever been involved in any sort of dispute with DACA Specialty Services or any related company?

3.      Have you ever had a bad or unpleasant experience that involved DACA or any of its related companies or do you otherwise have any negative feelings about DACA? If so, what was the experience or what caused the negative feelings?

4.      Do any of you know, no matter how slightly, Bobby Cantrell or his attorney James Satcher? If the answer is yes, how do you know them?

5.      Do any of you know, no matter how slightly, DACA, Peter Farley, Elizabeth Redpath, or any attorneys at McGuireWoods?  If the answer is yes, how do you know them?

6.      Prior to today, did any of you have any awareness or knowledge of this lawsuit?

7.      Do you know any of the following individuals who may be witnesses in this case?
                              [Read from witness lists]

8.      Do you know any of the other potential jurors in the courtroom, and if so, what is that relationship?

9.      If you have former court experience as a juror, a party, or a witness, did anything happen during your previous experience that might affect your ability to make a decision if you are selected as a juror in this case?

10.  If you have former court experience as a witness, did you offer testimony for the plaintiff or defendant in the lawsuit?

11.  Have you, any member of your immediate family, or close friends ever had any legal training?

12.  Have you or has anyone related or close to you had any special training in personnel matters or employment discrimination law?

13.  Have you or any member of your family or friends been treated by an employer in a way you felt was unfair?

14.  Do you believe that you were ever discriminated against or retaliated against by an employer?

15.  Have you ever been part of a lay-off or reduction in force or furlough?

16.  Have you ever been part of a lay-off or reduction in force or furlough where you feel you were selected unfairly?

17.  Have you ever been part of a lay-off or reduction in force or furlough where you feel you were terminated unfairly?

18.  Do you believe a company should be able to reduce its employee headcount if the company has suffered financial losses and needs to reduce overhead expenses in order to stay in business?

19.  Do you believe a company should be allowed to

20.  Do you feel you have been discriminated against or harassed by anyone based on age?

21.  Have any members of your family or friends been victims of age discrimination?

22.  Have you or any member of your family or your friends filed a charge of discrimination with the Equal Employment Opportunity Commission or any other agency?

23.   Have you or any member of your immediate family ever filed a claim or lawsuit against an employer?

24.   Have you or any members of your immediate family ever been a plaintiff in a lawsuit against another person or company?

25.   Have you or any members of your immediate family ever been a defendant in a lawsuit?

26.   Do you think you could be fair to both sides in a lawsuit that involves an individual on one side and a company or corporation on the other side?

27.   Do any of you disagree with the proposition that companies, like DACA, stand on the same footing before the law with that of individuals?

28.   Does anyone, for whatever reason, have what you would describe as very negative feelings about corporations?

29.   Would you have any uneasiness about returning a verdict in favor of the Defendant and not awarding the Plaintiff any damages, if the proof, pursuant to the Court's instructions, persuades you that the Defendant in this case did not do what the Plaintiff accuses them of?

30.   Do any of you believe that, more likely than not, a company is at fault when it is sued by an individual?

31.   Do you know of any reason why you could not serve as a fair and impartial juror?

32.   Will you agree to follow the law as explained by the Judge as opposed to substituting a law heard elsewhere or your version of what you think the law should be?

33.   Did you, or any of your family members or friends, ever work for Beaulieu of America?

<u>**ATTACHMENT C**</u>

<u>**PLAINTIFF'S OUTLINE OF THE CASE**</u>

Plaintiff Bobby Cantrell submits his outline of the case as follows:

**I.**     <u>**FACTUAL SUMMARY**</u>

This is a substantial case both in facts and damages, and is also an action for declaratory, injunctive and equitable relief, as well as monetary damages, to Plaintiff for Defendant's unlawful employment practices, including Defendant's unlawful age discrimination against Plaintiff in violation of the Age Discrimination in Employment Act of 1967 (Pub. L. 90-202) *(*ADEA).

After thirteen (13) years of service at DACA Specialty Services, Defendant subjected Plaintiff to unlawful discrimination by firing him because of his age- 62. Defendant's conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to his professional and personal reputation, and severe mental anguish and emotional distress.

Bobby L. Cantrell is a hard-working 64-year-old United States Citizen who has worked as a lead estimator for 13 years at DACA Specialty Services. He is a conscientious and reliable employee who at all times performed his duties in an

exemplary manner and gets along well with his colleagues and employers, until the Defendant fired him, falsely stating that the Plaintiff was terminated due to a reduction in force.

Defendant discriminated against Mr. Cantrell when they fired him *but for his age*, (62 at that time). Defendant did not want to continue Mr. Cantrell in their employ because he was older and nearing retirement, but for his age, Mr. Cantrell would not have been fired. Defendant has an illegal policy of firing employees as they near retirement age. Defendant should have been aware of Mr. Cantrell's continuing high production, and a continuing high quality of productivity that had continued to bring profits for the company.

## II.      LEGAL ANALYSIS

The ADEA prohibits an employer from discriminating against an employee who is at least forty years old on the basis of his age. 29 U.S.C. §§ 623(a)(1), 631(a). A plaintiff can establish age discrimination either through direct or circumstantial evidence. Mora v. Jackson Mem'l Found., Inc., 597 F.3d 1201, 1204 (11th Cir. 2010). Direct evidence consists of "[o]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age." Van Voorhis v. Hillsborough County. Bd. of Cnty. Comm'rs, 512 F.3d 1296. Evidence that merely suggests a discriminatory motive is, by definition, circumstantial evidence. Burrell

v. Bd. of Tr. of Ga. Military College., 125 F.3d 1390, 1393–94 (11th Cir. 1997)

Merrick v. Hilton, 867, F.3d 1139, 1147 (11th Cir. 2017).

Plaintiff need not show that age discrimination was the only or predominant factor that motivated Defendants in fact. You may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff you must find that Plaintiff has proven that, although there were other factors, he would not have been fired without the age discrimination. Draft model jury instructions (civil) 1st Cir. § 1.1 (2003). See also Loeb v. Textron, Inc., 600 F.2d 1003, 1017 (1st Cir. 1979) and Sanchez v. Puerto Rico Oil, Co., 37 F.3d 712, 720 (1st Cir. 1994).

A.   **DIRECT EVIDENCE (Strong Point(s) in Case)**

(In Judge Johnson's Report and Recommendation on Defendant's Motion for Summary Judgment, Document 58, Judge Johnson ruled that) Plaintiff will present Direct Evidence of age discrimination. (Furthermore, in Document 62, Judge Murphy adopted Judge Johnson's Final Report and Recommendation.) The direct evidence is derived from testimony of a former employee, Alan Holloway, Vice President of Operations of the Commercial Division, who had a conversation directly about Mr. Cantrell being terminated with Mr. Ted Mansfield, a decision maker. During the conversation Mr. Holloway specifically asked Mr. Mansfield,

23

"why was Bobby let go?" Mr. Mansfield asserted that he "look[s] at a person's dollar amount that [he is] making, where [he is] at in [his] age as far as being close to retirement, and then we start cutting." The ruling is that the above statements made by Mr. Mansfield (a decision maker) "'establishes "the existence of discriminatory intent behind the employment decision without any inference or presumption. <u>See Standard,</u> 161 F.3d at 1330."' (Doc. 58, p. 23).

B.   **<u>PRETEXT</u>**

1.   Plaintiff presented ample evidence of pretext as well as the direct evidence as described above. The "RIF" was a pretext for age discrimination against Plaintiff and three other people that were terminated the same day. There was a total of four people that were terminated during the "RIF". All four individuals were over the age of 40. Statistically that is 100% or 1 to 1.

2.   During discovery in this case, the Defendant had stated that Plaintiff's work was unsatisfactory, and that Defendant was losing money because of Plaintiff, which is false. Plaintiff has also recognized that DACA has sought to misrepresent the bid margins on his jobs. This made a good job look bad, because the job did not make a 50% gross margin, when it was bid at only a 25-30% margin. Mr. Cantrell testified that he was given certain programs that were pre-programmed by DACA for his use in bidding jobs.

3.     Defendant stated that, "Plaintiff resisted implementation of these new processes and tools. As a result, his work was often incomplete and unsatisfactory. Defendant received multiple complaints from client's regarding Plaintiff's work." [Doc. 16 P. 3, No. 3] The Defendant has produced no evidence of these allegations. Specifically, the evidence is that Plaintiff was excited about the acquisition. [Doc. 50-5, P. 28]. Other DACA employees familiar with the work of Mr. Cantrell testified of his positive work ethic and performance.

## C.    CONSEQUENCES OF BEING ILLEGALLY TERMINATED

Defendant has slandered Plaintiff's work record. Plaintiff lost a substantial amount of money and benefits after being illegally terminated. Plaintiff seeks damages to compensate Plaintiff for all monetary and/or economic harm, including back pay in wages and front pay in wages in regard to loss of income, and loss of benefits, including past, present and future.

**ATTACHMENT D**

**DEFENDANT'S OUTLINE OF THE CASE**

Defendant DACA submits its outline of the case as follows:

I.    **FACTUAL SUMMARY**

In May 2017, ARSC Industrial Services ("AIS") acquired DACA, which is business that provides cleaning, specialty coating, corrosion protection and lead abatement services to commercial and industrial clients in the southeastern United States.   At the time, Plaintiff Bobby Cantrell (62 years old) worked as the Lead Estimator for DACA's commercial projects. Cantrell's counterpart as Lead Estimator on the industrial side of the business was Doug Sawyer (65 years old).

AIS expected DACA to deliver Earnings Before Interest, Tax, Depreciation and Amortization ("EBITDA") in the range of $1,000,000 to $1,500,000 for the calendar year ending December 31, 2018.  From January 1, 2018 to June 30, 2018, DACA delivered an EBITDA loss of $1,792,635 and generated a net loss of $1,976,004.   In addition, from the time AIS acquired DACA until the time of Cantrell's termination, the profit margin on projects Cantrell estimated was only 16 percent—well below DACA's target profit margin.

In May 2018, Brent Renfrew, then-Chief Operating Officer of AIS, decided DACA needed significant organizational changes, as well as a significant reduction

in overhead expenses, to become profitable for AIS.  He appointed Ted Mansfield (56 years old), then-Senior Vice President of AIS, to the role of Interim President/General Manager of DACA, and they worked together to "codify a recovery plan" for DACA.

As part of the subsequent reorganization and Reduction In Force ("RIF"), Sawyer was promoted to Head of Estimating for both industrial and commercial estimating.  Renfrew and Mansfield also determined Sawyer had the capacity and ability to absorb Cantrell's job duties and responsibilities.  Mansfield recommended to Renfrew that Cantrell's job be eliminated as part of the RIF, and Renfrew approved the decision.

Mansfield and Martin Lund met with Cantrell on June 15, 2018 to inform him of the decision to eliminate his position.  Mansfield explained to Cantrell that he was being "laid off" because the Company had "lost a lot of money."  Following the meeting, Cantrell was given a memorandum documenting his termination due to "Reduction in Force."  Three other DACA employees were terminated as part of the June 2018 RIF.

DACA did not hire anyone to fill Cantrell's position or to otherwise do his job; rather, Sawyer—who is three years older than Plaintiff—absorbed all of Cantrell's responsibilities and duties.  Mr. Mansfield and Mr. Renfrew did not know

or consider Plaintiff's age at the time they made the decision to eliminate his position.  Nonetheless, Cantrell filed this lawsuit alleging age discrimination.[1]

## II.   <u>LEGAL ANALYSIS</u>

To prevail on a disparate treatment claim under the ADEA, a plaintiff must prove, by a preponderance of the evidence, age was the "but-for" cause of the challenged adverse employment action.  *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009) (emphasis added).  Importantly, "[t]he burdens of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision."  *Id.* ("[W]e must first determine whether the burden of persuasion ever shifts to the party defending an alleged mixed-motives discrimination claim brought under the ADEA. We hold that it does not."); *see also Mora v. Jackson Mem'l Found., Inc.,* 597 F.3d 1201, 1204 (11th Cir. 2010) (recognizing that after *Gross,* there is no such thing as a "mixed-motive" ADEA case because an ADEA plaintiff must establish that he suffered an adverse employment action "because of" his age).

---

[1] DACA preserves its objections to the Court's rulings on DACA's summary judgment motion.

Plaintiff must prove a prima facie case of age discrimination by a preponderance of the evidence. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). Failure to prove any element of a prima facie case is fatal to his claim. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998). If Plaintiff can establish a prima facie case, the burden shifts to DACA to articulate a legitimate, nondiscriminatory reason for Plaintiff's termination. *Chapman v. AI Transport.*, 229 F.3d 1012, 1024 (11th Cir. 2000). DACA's burden is one of production, not persuasion, and does not involve a credibility assessment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).

Faced with a nondiscriminatory reason for his termination, Plaintiff must prove the articulated reason is a pretext for discrimination. *Perryman v. Johnson Prods. Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983). The final pretext inquiry "merges with the ultimate burden of persuading the court that [Plaintiff] has been the victim of intentional discrimination," which at all times remains with the plaintiff. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). To survive summary judgment, the Cantrell must "present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext. Mere conclusory allegations and assertions will not suffice." *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990).

29

A.   *Plaintiff Cannot Establish a Prima Facie Case of Age Discrimination*

In a RIF case where some of the plaintiff's job responsibilities were delegated to another employee following his termination, as was the case here, a plaintiff can make a prima facie case of age discrimination by showing that: (1) he was a member of the protected age group, (2) he was subjected to adverse employment action, (3) he was qualified to do the job, and (4) he was replaced by or otherwise lost a position to a substantially younger individual. *Reeves*, 530 U.S. at 142; *Chapman*, 229 F.3d at 1024 (citing *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207–08 (11th Cir. 1997); *Damon v. Fleming Supermarkets Of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999); *see also Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1271 (11th Cir. 2014) (explaining that the "standard version" of the ADEA prima facie case applies in RIF cases where the plaintiff's responsibilities are reallocated).

Here, Plaintiff cannot satisfy the fourth prong of the prima facie case because his job responsibilities were assumed by Doug Sawyer, who was three years older than Plaintiff at the time of the RIF. *Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d 565, 567 (11th Cir. 1992) (there is no prima facie case of age discrimination where a plaintiff was not replaced by a younger employee); *Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 791 (11th Cir. 2011) (affirming grant of summary judgment in favor of employer where plaintiff was immediately replaced by

someone 2 months older than him, and even though the replacement was replaced by someone younger than plaintiff a few months later).

### B.   *DACA Had Legitimate, Nondiscriminatory Reasons for Plaintiff's Termination.*

Even if Plaintiff could make a prima facie case, summary judgment in nonetheless appropriate because the evidence shows DACA's decision to execute a RIF—as well as its decision to include Plaintiff in the RIF—was based on legitimate, nondiscriminatory reasons, including (1) DACA's poor financial performance in the first half of 2018, which involved a loss of close to $2.0 million, and (2) the insufficient profit margins on commercial projects estimated by Plaintiff, which created a shortfall of $2.2 million from original bid margins.

As a matter of law, these are legitimate, nondiscriminatory reasons for an adverse employment action. *See, e.g., Damon*, 196 F.3d at 1361 (poor performance is a nondiscriminatory reason); *Earley*, 907 F.2d at 1084, n.5 (a RIF plus evidence of an employee's poor performance constitutes a nondiscriminatory reason); *Tidwell v. Carter Prods.*, 135 F.3d 1422, 1426 (11th Cir. 1998) (where the proffered reason is a RIF, it "eliminat[es] the presumption of discrimination").  DACA has met its *McDonnell Douglas* burden of production, which shifts the burden back to Plaintiff to prove that DACA's proffered reason is pretext for discrimination.

C.   *DACA's Legitimate, Nondiscriminatory Reasons for Plaintiff's Termination Are Not Pretext.*

Plaintiff must prove, by a preponderance of the evidence, DACA's nondiscriminatory reasons for his termination are pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  In the Eleventh Circuit, "[a] reason is not pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason."  *Brooks v. Cnty. Comm'n*, 446 F.3d 1160, 1163 (11th Cir. 2006).

Plaintiff cannot show DACA's reasons for eliminating his position are false or unworthy of belief.  The undisputed evidence, including contemporaneous income statements and deposition testimony, supports DACA's decision to reduce its overhead expenses through a RIF.   Indeed, Plaintiff admits DACA sustained major financial losses in the first half of 2018.  He further admits this was the reason he was given for his termination.  However, Plaintiff believes it was an unwise business decision to include him in the RIF.

Case law on this point is clear:  Plaintiff cannot establish pretext by "simply quarreling with the wisdom of [DACA's] reason."  *Chapman,* 229 F.3d at 1030; *Flowers v. Troup Cty., Ga., Sch. Dist.*, 803 F.3d 1327, 1338 (11th Cir. 2015) ("Put frankly, employers are free to fire their employees for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not

for a discriminatory reason." (internal quotation marks omitted)); *Damon*, 196 F.3d at 1361 ("We are not in the business of adjudging whether employment decisions are prudent or fair."); *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) ("Federal courts 'do not sit as a super-personnel department that reexamines an entity's business decisions. . . . . [N]o matter how mistaken the firm's managers, the ADEA does not interfere."). Simply put, "[w]hether it was an exercise of sound business judgment to make plaintiff part of this reduction is not a matter for the court to adjudicate." *Thurman v. Robertshaw Control Co.*, 869 F. Supp. at 940.

The lynchpin of Plaintiff's case—*i.e.*, Allen Holloway's testimony that Mr. Mansfield told him he considers salary, proximity to retirement, and "what is going on" when he makes RIF decisions—is not enough to prove pretext as a matter of law. Although proximity to retirement and salary may be correlated with age, considering them—especially in the context of a RIF—is not discrimination "because of" age. *See, e.g.*, *Earley*, 907 F.3d at 1082; *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1125–26 (7th Cir. 1994) (holding that terminating an employee to reduce salary costs is not age discrimination; although compensation level is often correlated with age, it is analytically distinct, and is not necessarily "age-based"); *Cramer v. McDonnell Douglas Corp.*, 120 F.3d 874, 876 n.5 (8th Cir. 1997)

33

("[D]ischarging an employee solely because of his status as a higher paid employee, does not alone permit an inference of age discrimination."); *cf. Kentucky Ret. Sys. v. EEOC*, 554 U.S. 135, 143–48 (2008) (holding an employer's consideration of pension status, which correlates with age, did not support an inference of age discrimination).

At best, Mr. Mansfield's alleged comment that he considers an employee's proximity to retirement as one factor in a RIF decision is an isolated, stray remark insufficient to establish pretext. *Short v. Mando Am. Corp.*, 601 Fed. App'x 865, 874 (11th Cir. 2015) (holding that stray remarks alone are insufficient to show pretext); *Forman v. Welding Servs., Inc.*, No. 1:04-CV-2838-TCB, 2006 WL 8431787, at *11 (N.D. Ga. Oct. 18, 2006) (granting summary judgment to the employer where the plaintiff "ha[d] not adduced additional evidence of pretext beyond [a decisionmaker's] stray remarks."); *Heard v. City of Union City, Georgia*, No. 1:15-CV-2228-MHC-JKL, 2017 WL 4334243, at *13 (N.D. Ga. May 23, 2017) (decisionmaker's "old man" comments and suggestions that plaintiff was old enough to retire not enough to prove discrimination); *see also Brown v. Bank of Am., N.A.*, No. 1:08-CV-2722-RGV, 2010 WL 11505707, at *14 (N.D. Ga. Feb. 23, 2010) ("Ambiguous remarks, tending to suggest animus based on age, are insufficient,

standing alone to prove an employer's discriminatory intent." (citing and quoting *Speen v. Crown Clothing Corp.*, 102 F.3d 625, 636 (1st Cir. 1996)).

In summary, Plaintiff is not able to meet his burden of showing both DACA's reasons were false, and the real reason was his age. *Brooks*, 446 F.3d at 1163. He is equally unable to meet his ultimate burden of showing that age was the "but-for" cause of his termination. *Gross*, 129 S. Ct. at 2352. The uncontroverted evidence shows that DACA made the RIF decision on the basis of a $2.0 million loss in the first half of 2018, Plaintiff's subpar performance, and the determination that Plaintiff's responsibilities could be assumed by Doug Sawyer—who is older than Plaintiff. These business decisions had nothing to do with Plaintiff's age.

## III.   LEGAL AUTHORITY

The statutes, ordinances, and exemplary case law that authorize and support DACA's defenses and other positions in this lawsuit include, without limitation, the following:

- 29 U.S.C. §§ 621–634

- The Federal Rules of Evidence

- The Federal Rules of Civil Procedure

- *Alsobrook v. Fannin Cty., Georgia*, No. 213CV00267RWSJCF, 2015 WL 13541132 (N.D. Ga. July 16, 2015), *aff'd*, 698 F. App'x 1010 (11th Cir. 2017)

- *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120 (7th Cir. 1994)

- *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)

- *Bailey v. City of Daytona Beach Shores*, 560 F. App'x 867 (11th Cir. 2014)

- *Barnes v. Sw. Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987)

- *Benson v. Tocco, Inc.*, 113 F.3d 1203 (11th Cir. 1997)

- *Bernhard v. Nexstar Broad. Grp., Inc.*, 146 F. App'x 582 (3d Cir. 2005)

- *Bradley v. Pfizer, Inc.*, 440 F. App'x 805 (11th Cir. 2011)

- *Brooks v. Cnty. Comm'n*, 446 F.3d 1160 (11th Cir. 2006)

- *Brown v. Bank of Am., N.A.*, No. 1:08-CV-2722-RGV, 2010 WL 11505707 (N.D. Ga. Feb. 23, 2010)

- *Carter v. City of Miami*, 870 F.2d 578 (11th Cir. 1989)

- *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)

- *Chapman v. AI Transport.*, 229 F.3d 1012 (11th Cir. 2000)

- *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217 (11th Cir. 1993)

- *Cramer v. McDonnell Douglas Corp.*, 120 F.3d 874 (8th Cir. 1997)

- *Diehl v. Bank of Am., N.A.*, 470 Fed. App'x. 771 (11th Cir. 2012)

- *Dilla v. West*, 4 F. Supp. 2d 1130 (M.D. Ala. 1998)

- *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990)

- *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466 (11th Cir. 1991)

- *Evans v. McClain of Ga., Inc.*, 131 F.3d 957 (11th Cir. 1997)

- *Fields v. G.E. McFarland & Co., LLC*, No. 1:05-CV-665-ODE, 2006 WL 8432226 (N.D. Ga. July 20, 2006)

- *Flowers v. Troup Cty., Ga., Sch. Dist.*, 803 F.3d 1327 (11th Cir. 2015)

- *Forman v. Welding Servs., Inc.*, No. 1:04-CV-2838-TCB, 2006 WL 8431787 (N.D. Ga. Oct. 18, 2006)

- *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343 (2009)

- *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993)

- *Heard v. City of Union City, Georgia*, No. 1:15-CV-2228-MHC-JKL, 2017 WL 4334243 (N.D. Ga. May 23, 2017)

- *Holifield v. Reno*, 115 F.3d 1555 (11th Cir. 1997)

- *Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788 (11th Cir. 2011)

- *Howard v. BP Oil Co.*, 32 F.3d 520, 524 (11th Cir. 1994)

- *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507 (11th Cir. 1990)

- *Jenner v. Bank of America Corp.*, 304 Fed. Appx. 857 (11th Cir. 2009)

- *Jones v. BE&K Eng'g Co.*, 146 F. App'x 356 (11th Cir. 2005)

- *Kentucky Ret. Sys. v. EEOC*, 554 U.S. 135 (2008)

- *Kilpatrick v. Tyson Foods, Inc.*, 268 F. App'x 860 (11th Cir. 2008)

- *Kharod v. City of Atlanta*, No. 1:11-CV-01104-CC-AJB, 2013 WL 11904720 (N.D. Ga. Nov. 15, 2013)

- *Louis v. Encore Computer Corp.*, 949 F. Supp. 836 (S.D. Fla. 1996), *aff'd*, 130 F.3d 444 (11th Cir. 1997)

- *Macort v. Prem, Inc.*, 208 F. App'x 781 (11th Cir. 2006)

- *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)

- *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264 (11th Cir. 2014)

- *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)

- *Mitchell v. City of LaFayette*, 504 F. App'x 867 (11th Cir. 2013)

- *Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d 565 (11th Cir. 1992)

- *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201 (11th Cir. 2010)

- *Pace v. S. Ry. Sys.*, 701 F.2d 1383 (11th Cir. 1983)

- *Perry v. Batesville Casket Co.*, 551 F. App'x 987 (11th Cir. 2014)

- *Perryman v. Johnson Prods. Co.*, 698 F.2d 1138 (11th Cir. 1983)

- *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)

- *Roberts v. Design & Mfg. Servs., Inc.*, 167 F. App'x 82 (11th Cir. 2006)

- *Robertson v. Riverstone Communities*, LLC, No. 1:17-CV-2668-CAP-JKL, 2019 WL 4399492 (N.D. Ga. May 28, 2019)

- *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759 (5th Cir. 2016)

- *Shaw v. Kenan Transp., LLC*, No. 3:13-CV-1195, 2015 WL 881609 (M.D. Tenn. Feb. 27, 2015)

- *Short v. Mando Am. Corp.*, 601 Fed. App'x 865 (11th Cir. 2015)

- *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)

- *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318 (11th Cir. 1998)

- *Steger v. Gen. Elec. Co.*, 318 F.3d 1066 (11th Cir. 2003)

- *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981)

- *Thurman v. Robertshaw Control Co.*, 869 F. Supp. 934 (N.D. Ga. 1994)

- *Tidwell v. Carter Prods.*, 135 F.3d 1422 (11th Cir. 1998)

- *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998)

- *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079 (11th Cir. 2004)

- *Wright v. Southland Corporation*, 187 F.3d 1287 (11th Cir. 1999)

# ATTACHMENT E

# STIPULATED FACTS

1.   This case involves allegations of age discrimination by Plaintiff Bobby Cantrell against his former employer DACA Specialty Services.

2.   DACA provides cleaning, specialty coating, corrosion protection and lead abatement services to commercial and industrial clients in the southeastern United States.

3.   Before his position was eliminated in June 2018, Plaintiff was employed as a "Lead Estimator" on the  commercial side of DACA's business.

4.   Plaintiff's counterpart as Lead Estimator on the industrial side of the business was Doug Sawyer.

5.   Plaintiff had three commercial estimators reporting to him, and Mr. Sawyer had five or six industrial estimators reporting to him.

6.   In May 2017, ARSC Industrial Services ("AIS") acquired DACA.

7.   In a written memorandum to DACA employees, Mr. Renfrew communicated that changes in leadership were being made "[i]n response to a challenging first five months of 2018," and that he and Ted Mansfield would "work together to codify a recovery plan."

8.   As part of the RIF, DACA eliminated four (4) positions in June 2018.

9.   Mr. Mansfield and Martin Lund met with Plaintiff on June 15, 2018 to inform him of the decision.  Mr. Mansfield explained to Plaintiff that he was being "laid off" because the Company had "lost a lot of money."

10.   Plaintiff was 62 years old at the time of his termination.

11.   Doug Sawyer was 65 years old at the time of Plaintiff's termination.

12.     The parties stipulate that Plaintiff exhausted his administrative prerequisites
        to filing this lawsuit.

## ATTACHMENT F-1
## PLAINTIFF'S WITNESS LIST

Plaintiff provides the following list of witnesses he may call to testify at the

trial of this matter in its case-in-chief:

1.  Bobby Cantrell, Plaintiff (will be present)
    732 Big Springs Road
    Calhoun, Georgia 30701


2.  Allen Holloway (may be present)
    911 Penny Lane
    Trussville, Alabama 35173

3.  Doug Sawyer (may be present)

Plaintiff reserves the right to call any witness listed by Defendant.  Plaintiff also reserves the right to call any witness necessary for impeachment and/or rebuttal.

## ATTACHMENT F-2

## DEFENDANT'S WITNESS LIST

Defendant provides the following list of witnesses it may call to testify at the trial of this matter in its case-in-chief:

1.  Brent Renfrew
    One Concord Center
    2300 Clayton Road
    Suite 1050
    Concord, CA 94520

2.  Ted Mansfield
    1325 W Detroit Blvd
    Pensacola, FL 32534

3.  Martin Lund
    1084 Coronation Drive
    Dunwoody, GA 30338

4.  Gary Johnson
    By Deposition Designation

Defendant reserves the right to call any witness listed by Plaintiff.  Defendant also reserves the right to call any witness necessary for impeachment and/or rebuttal.

## **ATTACHMENT G-1**

## **PLAINTIFF'S EXHIBIT LIST**

Exhibits which may be used during case-in-chief:

1. Charge of Discrimination (Charge No.: 410-2018-06923)

2. Dismissal and Notice of Rights

3. Separation Notice

4. 2017 Taxes

5. 2018 Taxes

6. 2019 Taxes

**ATTACHMENT G-2**

**DEFENDANT'S EXHIBIT LIST**

Exhibits which may be used during case-in-chief:

1.  AIS Harassment and Discrimination Policy (DACA003765–3770)

2.  David Joiner letter announcing AIS's acquisition of DACA, dated May 23, 2017 (DACA003865–3866)

3.  Finite Holdings and DACA Specialty Services Income Statements, dated 01/01/2018 to 06/30/2018 (DACA004286–4285)

4.  DACA Leadership Changes Memo From Brent Renfrew, dated June 6, 2018 (DACA004242)

5.  Cantrell Projects with "$ Margin" and "% Margin" (DACA004288–4303)

6.  Business Case Memorandum for Reduction In Force, dated June 15, 2018 (DACA003917–3922)

7.  Email from Martin Lund to "All Users-DACA" regarding August 2018 RIF, dated August 7, 2018 (DACA004245)

8.  Letter to Cantrell offering him employment with AIS, dated May 23, 2017

9.  Email from Martin Lund to "DACA Team" announcing new organizational structure, dated June 29, 2018, and attached organizational charts showing new organizational structure (DACA004237–4239)

10. Bobby Cantrell Termination Notice (DACA000748–749)

11. Plaintiff's Initial Disclosures

12. Plaintiff's Interrogatory Answers

13.   Plaintiff's Declaration In Opposition To Defendant's Summary Judgment
      Motion

**<u>ATTACHMENT I-1</u>**

**<u>PLAINTIFF'S PROPOSED VERDICT FORM</u>**

**<u>VERDICT</u>**

We, the jury, return the following Verdict:

On the age discrimination claim of plaintiff, Bobby Cantrell, we find in

favor of _____.
       Plaintiff Name or Defendant Name

**Note:** Complete the following paragraphs only if the above findings is in favor of Plaintiff. If the finding is in favor of Defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find Plaintiff's damages to be:

$_____ (stating the amount)

Was the Defendant's conduct "willful"?

   Yes _____ No _____

   SO, SAY WE ALL.


_____
Foreperson's Signature

DATE: _____

**ATTACHMENT I-2**
**DEFENDANT'S PROPOSED VERDICT FORM**

**VERDICT**

We, the jury, return the following Verdict:

1.    Did Plaintiff prove by a preponderance of the evidence that DACA Specialty Services selected Plaintiff's position to be included in the June 2018 Reduction In Force ("RIF") because of Plaintiff's age?

Answer Yes or No          _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.

2.    Did Plaintiff prove by a preponderance of the evidence that DACA Specialty Services terminated Plaintiff because of Plaintiff's age?

Answer Yes or No          _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.

3.     Did Plaintiff prove by a preponderance of the evidence that Plaintiff's age was the "but for" cause of both the selection of his position for the RIF and his termination as part of the RIF?

Answer Yes or No          _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.

4.     Did Plaintiff prove by a preponderance of the evidence that he suffered actual damages in the form of a net loss of wages and benefits from the date of his termination until the date of your verdict?

Answer Yes or No          _____

If your answer is "Yes,"
in what amount?          $_____

5.     Did Plaintiff prove by a preponderance of the evidence that DACA Specialty Services knew and showed reckless disregard for his rights under federal law when it terminated him as part of the RIF?

Answer Yes or No          _____

6.     Did Defendant prove by a preponderance of the evidence that Plaintiff has failed to mitigate his damages?

Answer Yes or No       _____

SO, SAY WE ALL.


_____
Foreperson's Signature

DATE: _____

Jointly submitted this 5th day of May, 2020.

**DECORATING AND COATING APPLICATIONS, LLC**

*/s/ Elizabeth P. Redpath*
Elizabeth P. Redpath
Georgia Bar No. 979358
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
*Counsel for Defendant*
Facsimile:  (804) 775-1061
eredpath@mcguirewoods.com
Telephone:  (804) 775-1000

*Counsel for Defendant*

**BOBBY CANTRELL**

 /s/ James A. Satcher
James A. Satcher, Jr., Esq.
3 Central Plaza, Box 405
Rome, GA 30161

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE AND<br>COMPLIANCE WITH LOCAL RULE 5</u>

I hereby certify that on May 5, 2020, I electronically filed the foregoing Proposed Consolidated Pretrial Order, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

Elizabeth P. Redpath<br>
McGuireWoods LLP<br>
Gateway Plaza<br>
800 East Canal Street<br>
Richmond, Virginia 23219<br>
Telephone:  (804) 775-1000<br>
Facsimile:  (804) 775-1061<br>
eredpath@mcguirewoods.com

*Counsel for Defendant*

*/s/ James A. Satcher, Jr*
James A. Satcher, Jr.
Georgia Bar No. 626925
3 Central Plaza, Box 405
Rome, GA 30161
Phone: (706) 291-4019
Fax:     (706) 291-4336
Email: attorneysatcher@gmail.com

Attorney for Plaintiff